UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC NORMAN OLSEN,<br><br>    Petitioner,<br><br>    v.<br><br>DANIEL STONE,<br><br>    Respondent.<br>_____ | Case No. EDCV 15-2014 JFW(JC)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

**I.   SUMMARY**

On September 30, 2015, Eric Norman Olsen ("petitioner"), a state prisoner who is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). It plainly appears from the face of the Petition that the Petition is wholly unexhausted as petitioner's claims have not been presented to or resolved by the California Supreme Court (Petition at 5-7), and accordingly, that petitioner is not entitled to federal habeas relief on his claims at this time. As explained below, the Court must dismiss this action without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which requires a judge promptly to examine a

///

///

federal habeas petition, and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ."

## II.    DISCUSSION

A federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies. 28 U.S.C. § 2254(b), (c); Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Park v. California, 202 F.3d 1146, 1150 (9th Cir.), cert. denied, 531 U.S. 918 (2000).  "For reasons of federalism, 28 U.S.C. § 2254 requires federal courts to give the states an initial opportunity to correct alleged violations of its prisoners' federal rights."  Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir. 1983) (citation omitted).

Exhaustion requires that the prisoner's contentions be fairly presented to the highest court of the state.  Davis v. Silva, 511 F.3d 1005, 1008 (9th Cir. 2008) (citation omitted); James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994).  A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam); Scott v. Schriro, 567 F.3d 573, 582 (9th Cir.) (per curiam), cert. denied, 558 U.S. 1091 (2009); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999).

Petitioner has the burden of demonstrating he has exhausted available state remedies.  See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam); Rollins v. Superior Court, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010).

In the present proceeding, petitioner affirmatively represents that he has not presented his instant claims to the California Supreme Court either by way of a petition for review or a petition for writ of habeas corpus.  (Petition at 5-7).

1 Accordingly, it plainly appears from the face of the Petition that petitioner cannot
2 meet his burden to demonstrate that he has exhausted his claims.
3       Although it is clear that the California Supreme Court has not been
4 presented with and has not addressed petitioner's claims, the exhaustion
5 requirement may nonetheless be satisfied if petitioner's claims are clearly
6 procedurally barred under state law. See Castille v. Peoples, 489 U.S. 346, 351-52
7 (1989); Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996). In this case, it is not
8 at all "clear" that the California Supreme Court would deem petitioner's claims
9 procedurally barred under state law if he raised them in a habeas petition. See In re
10 Harris, 5 Cal. 4th 813, 825 (1993) ("[H]abeas corpus has become a proper remedy
11 in this state to collaterally attack a judgment of conviction which has been obtained
12 in violation of fundamental constitutional rights.") (citations omitted); People v.
13 Sorenson, 111 Cal. App. 2d 404, 405 (1952) (claims that fundamental
14 constitutional rights have been violated may be raised by state habeas petition).
15 However, this Court expresses no opinion regarding whether consideration of
16 petitioner's claims might be foreclosed by the principles discussed in In Re Clark,
17 5 Cal. 4th 750, 763-87 (1993). The California Supreme Court should evaluate the
18 matter in the first instance. Even if an applicable state procedural bar exists, the
19 California Supreme Court nevertheless might choose to reach the merits of
20 petitioner's claims. See, e.g., Park, 202 F.3d at 1151-52.
21       Once, as in this case, a Court determines that a habeas petition contains only
22 unexhausted claims, it may dismiss the petition for failure to exhaust. Rasberry v.
23 Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Accordingly, because the Petition in
24 this case is wholly unexhausted, dismissal thereof on this ground is appropriate.
25 ///
26 ///
27 ///
28 ///

## III. ORDER

IT IS THEREFORE ORDERED that the Petition is dismissed without prejudice and that Judgment be entered accordingly.

IT IS SO ORDERED.

DATED: October 13, 2015

_____
HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Presented by:[1]


_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to Local Rule 72-3.2, the Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge.